Hitchcock, C. J.
The question raised in argument, and the question to be decided is, whether under the laws of Ohio “ for levying taxes on all property in this state according to its true value,” (vol. 44, p. 65, Ohio Laws,) this annual income ■can be considered as an annuity. It is not contended that, according to the strict technical meaning of the words, it is an annuity, but the question is, whether it is such within the meaning of the law referred to.
The first section of the act provides “ that all property, whether real or personal, within this state, and the moneys and credits of persons residing therein, except such as is hereinafter expressly exempted, shall be subject to/taxation ; and such property, moneys and credits, or the value thereof, shall be entered ■on the lists of taxable property, for that purpose, in the manner prescribed by this act.”
In the next section the general assembly proceed to give the definition or meaning of the terms used in the act. In the 5th paragraph of this section, it is said, “ the term credits, wherever used in this act, shall be held to mean or include every claim or demand for money, labor or other valuable thing, due or to become due, and every annuity or sum of money receivable at stated periods, and all money invested in property of any kind, which is secured by deed, or mortgage, or otherwise, which the person holding such deed, or mortgage, or evidence of claim, is bound, by any lease, contract or agreement, to reconvey, release or assign, upon the payment of any specified sum or sums.” So far in this paragraph. There are three specifications as to what shall be held to be credits within the meaning of the act. 1. “ Every claim or demand for money, labor, etc., due or to become due.” 2. “ JSvery annuity or sum of money receivable at stated periods.” 8. “ All money invested in property of any kind, which is secured by deed, mortgage or *80 otherwise;” no matter what is the form of the security, provided the security is to be avoided “ upon the payment of any specified sum or sums.”
Now if we look to the phraseology of this paragraph so far as quoted, and in connection with this we look to the punctuation, it would seem that the general assembly did not intend to make any difference between an “ annuity ” and á “ sum of money receivable at stated periods.” The form of expression is, “ every annuity or sum of money receivable at stated periods,” not “ every annuity and sum of money,” etc. They speak of both the “ annuity ” and the “ sum of money” as being one and the same thing. But the paragraph does not stop here. Immediately following the foregoing quotation is a proviso in the following words: “ Provided that pensions received from the-United States or any one of them, salaries or payments expected to be received for labor, or services to be performed or rendered, shall not be held to be annuities, within the meaning of this act.”
Now no one would suppose that a pension or a salary, although received at stated periods, was, according to the common use of language, an annuity. Yet the general assembly having, in the previous part of the paragraph, in defining what was to be deemed credits, specified “ every annuity or sum of money receivable at stated periods,” introduced the foregoing proviso, lest by possibility it might be thought that salaries and pensions were included as annuities.
In this proviso we are told what are not annuities within the meaning of the law. Placing this provision in juxtaposition with that part of the preceding paragraph which it is intended to qualify, it will stand thus : “ Every annuity or sum of money receivable at stated periods; Provided that pensions received from the United States or any of them, salaries or payments expected to be received for labor or services to be performed or rendered, shall not be held to be annuities, within the meaning of this act.” Such being the language used by the law-making power upon this subject, we cannot doubt that it was the inten *81 tion to include within the terms or words annuity, every sum of money receivable at stated periods, except such as are ex eluded or excepted by the proviso. It could not have been the intention to charge a greater tax upon an annuity, properly so called, than any other sum of money receivable, like an annuity, at stated periods. Such discrimination would have been contrary to reason and manifest justice.
Such being the opinion of the court, it was proper to ascertain the value of this eighteen hundred dollars income, according to the provisions of the 12th section of the act.
The construction put by the auditor of state upon the act, is in accordance with the true meaning of the law; his decision is therefore affirmed.